IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

EDWARD C. HUGLER[1], ACTING SECRETARY :
OF LABOR, UNITED STATES DEPARTMENT :
OF LABOR, :
:
         Plaintiff, :
:
v. : Civil Action No. 1:17-CV-25 (Keeley)
:
FIRE & SAFETY INVESTIGATION :
CONSULTING SERVICES, LLC, And :
CHRISTOPHER HARRIS, Individually :
And as Owner of FIRE & SAFETY :
INVESTIGATION CONSULTING :
SERVICES, LLC, :
:
         Defendants. :

ELECTRONICALLY FILED
Feb 22 2017
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Defendants from violating the provisions of Sections 7, 11(c) and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants Fire & Safety Investigation Consulting Services LLC., and Christopher Harris, individually and as owner of Fire & Safety Investigation Consulting Services, LLC (collectively, "Defendants") in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary of Labor Edward C. Hugler is being substituted for Former Secretary of Labor Thomas E. Perez.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Fire & Safety Investigation Consulting Service, LLC ("Fire & Safety" or "the Company"), is and, at all times hereinafter referenced, was registered as a corporation in West Virginia since 2008. Defendant Mr. Christopher "Brent" Harris is 100% owner of the Company. Fire & Safety has its principal office at 261 Hidden Meadow Drive, Bridgeport, West Virginia, 26330, which is within the jurisdiction and venue of this Court. The Company is engaged in providing on-site safety and environmental consulting services for the oil and gas industry in West Virginia, Pennsylvania, Maryland and Virginia.

III.

Defendant Christopher Harris is and, at all times hereinafter referenced was, an owner of Fire & Safety and resides at 261 Hidden Meadow Drive, Bridgeport, West Virginia, 26330, which is within the jurisdiction of this Court. Defendant Harris supervises and directs the work of all the employees of the Company and is involved in the hiring, firing, and scheduling of employees. Defendant Harris has acted directly or indirectly in the interest of Fire & Safety in relation to its employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

IV.

At all times hereinafter mentioned, Defendant Fire & Safety has been an enterprise within the meaning of Section 3(r) of the Act, in that Defendant has been, through unified operation or common control, engaged in the performance of related activities for a common business

purpose. The Company's activities were constituted the business purposes of Defendants' unified business entity.

At all times hereinafter mentioned, Defendant Fire & Safety has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, in that the Company has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the Company has an annual gross volume of sales made or business done of not less than $500,000.00. Fire and Safety's employees provide safety consulting services for the natural gas industry and regularly travel across state lines to perform work, such as in Maryland, Virginia, Pennsylvania and West Virginia. These employees regularly use goods and supplies received from out of state, such as company-owned vehicles, company-owned laptops and phones, tools, safety gear, pens, pencils, and paper.

V.

Between December 2014 to the present (hereinafter referred to as the "period of investigation"), Defendants repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing certain former and current employees engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, for workweeks longer than 40 hours per week without compensating said employees in such workweeks at rates not less than one and one-half times their regular rate. Defendants paid non-exempt employees a straight salary. The employees were paid pursuant to day rate schedules and regularly worked in excess of 40 hours a week but were paid no additional overtime compensation for their overtime hours. As such, the method in which the

employees were paid was insufficient to compensate them at the overtime rate mandated by Section 7 of the Act.

VI.

During the period from workweek ending December 23, 2014 to the present or such time that Defendants came into compliance ("the investigative period"), Defendants employed individuals to provide consulting services to third parties. During the time period covered by this Complaint, the employees listed in the attached Schedule A were primarily employed by the Defendants to provide on-site safety and environmental consulting services for the oil and gas industry in West Virginia, Maryland, Pennsylvania, and Virginia. The employees also conducted investigations of fire and explosion sites and prepared reports for enforcement agencies, as well as the insurance industry. The employees frequently and on a recurrent basis worked in excess of 40 hours per workweek during the investigative period.

During the investigative period, Defendant paid the employees a day rate for all hours worked, including those hours worked in excess of 40 in a workweek and did not compensate these employees in accordance with Section 7 of the Act. Defendants violated the overtime provision of the Act when non-exempt employees were paid a per-hitch salary, with no additional compensation for hours worked in excess of 40 hours per work week. Defendants' pay records revealed that they were using a day rate of $375 per day and were paid only for the days they worked during the hitch. Employees who didn't work the full fourteen day work period, also known as "a full hitch", were paid less than the agreed upon $375 per day rate and were frequently required to work 14-day periods. The day rate was divided by 12 (number of hours in a day) to determine the employee's regular rate. This rate was used to compute the unpaid overtime due the employee each work week of the investigative period.

By its pay practices, Defendants treated the employees as if they were exempt from overtime payments, even though the Inspectors were not paid on a weekly salary or proper fee basis, as required by the Act and by 29 C.F.R. Part 541. Specifically, Defendants did not meet the weekly salary requirements for an exemption to apply under Section 13(a)(1) of the Act and applicable regulations at 29 CFR 541.600 et seq. The amount of weekly overtime payment Defendants owe to each employee varies, depending on the number of hours the employees actually worked each workweek and the amount of compensation that was paid during each such workweek during the investigative period.

VII.

As described in Paragraph IV, above, during the investigative period, the Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing the workers for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were and are employed.

VIII.

During the period of investigation, Defendants repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of hours worked for certain employees, as prescribed by the regulations issued and found at 29 C.F.R. Part 516, in that daily and weekly hours worked by non-exempt employees who were paid on a daily salary basis were not maintained.

IX.

During the investigative period, Defendants continually violated the provisions of the Act as alleged in Paragraphs IV through VIII above. A judgment permanently enjoining and

restraining the violations herein alleged (including restraining of withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

X.

A judgment granting recovery of said amounts referred to in Paragraph VI, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, with cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from prospectively violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

2. For an Order pursuant to Section 16(c) of the Act, finding Defendants jointly and severally liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due certain present and former employees listed in the attached Schedule A from December 2014 through the date of the final judgment in this matter. Additional back wages and liquidated damages also may be owed to certain present and former employees presently unknown to Plaintiff from December 2014 through the date of the final judgment in this matter.

3. In the event that back wages and damages are not awarded pursuant to Section 16 of the Act, the Plaintiff demands pursuant to Section 17 of the Act an order enjoining and restraining the Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with the Defendants, from withholding payment of unpaid back

wages found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621 from the date said unpaid amounts became due until the date of judgment.

4. For an Order granting any further relief as may be necessary and appropriate, including an order that Defendants be required to locate affected employees and cooperate with Wage and Hour in distributing any amounts found to be owed to affected employees as a result of the violations alleged in paragraphs VII and VIII.

5. Plaintiff further prays for the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

Mailing Address:

Douglas N. White
Associate Regional Solicitor
U.S. Department of Labor
201 12th Street South
Suite 500
Arlington, VA 22202
(202) 693-9393
Fax: (202) 693-9392

BETSY STEINFELD JIVIDEN
ACTING UNITED STATES ATTORNEY

By: /s/ Helen Campbell Altmeyer
Assistant United States Attorney
WV Bar No: 117
United States Attorney's Office
P.O. Box 591
Wheeling, WV 26003
Phone: 304-234-0100
Fax:   304-234-0112
Helen.Altmeyer@usdoj.gov

Date: February 21, 2017

Respectfully submitted,

Nicolas C. Geale
Acting Solicitor

Oscar L. Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

Samantha N. Thomas
Regional Counsel

/s/ Ali A. Beydoun
Ali A. Beydoun (VSB #78150)
Office of the Solicitor
201 12th Street South
Arlington, VA 22202-5450
Phone: 202-693-9370
Fax: 202-693-9392
Beydoun.Ali@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

**Schedule A**

| EMPLOYEE NAME |
|---|
| 1.) ADCOCK, Joseph |
| 2.) ANDREWS, Darren |
| 3.) ASHCRAFT, Steven |
| 4.) BAILEY, Jake |
| 5.) BARBOUR, Steve |
| 6.) BEAUCHAMP, John |
| 7.) BLEDSOE, Tyler |
| 8.) BRYAN, Bradley |
| 9.) BUCKALOO, Garris |
| 10.) BUCKALOO, Price |
| 11.) BYRD, Herbert |
| 12.) CALDWELL, Jordan |
| 13.) CALLOWAY, Kenneth |
| 14.) CLEMENTS, Garren |
| 15.) COOK, John |
| 16.) COOPER, Clayton |
| 17.) CORNISH, Wilton |
| 18.) CROWSON, Joseph |
| 19.) DEMING, Jesse |
| 20.) DENNIS, Gary |
| 21.) EARP, Bradley |
| 22.) FEATHERS, Cody |
| 23.) FINCHER, Donny |
| 24.) FUSILIER, Derrick |
| 25.) GASCON, Jesse |
| 26.) GRIFFIN, Gil |
| 27.) HARKLEROAD, Nicholas |
| 28.) HARMAN, Christopher |
| 29.) HARRIS, Michael |
| 30.) HAWKINS, Jeffrey |
| 31.) HEAVENER, Roy |
| 32.) HIGHT, Michael |
| 33.) KEEN, Delmis |
| 34.) KNOWLES, Jared |
| 35.) LAMBERT, Scott |
| 36.) LINZMAN, Douglas |
| 37.) LIVINGSTON, Thomas |

| |
|---|
| 38.) LOTHES, Albert (Ross) |
| 39.) MARBLE, Brendan |
| 40.) McKINNEY, Eric |
| 41.) MEADOWS, Jake |
| 42.) PALMER, Charles |
| 43.) PHILLIPS, Christopher |
| 44.) PINKERT, Seth |
| 45.) POTTS, Shane |
| 46.) PRATER, Wade |
| 47.) RULL, Hugo |
| 48.) RYBA, James |
| 49.) SPATAFORE, Toi |
| 50.) STEWART, Robert |
| 51.) STRAUSS, Royce |
| 52.) SWIGER, Jacob |
| 53.) TEW, Randy |
| 54.) THERIAULT, Heath |
| 55.) THOMAS, Timothy |
| 56.) THOMPSON, James |
| 57.) TOLBERT, Charles |
| 58.) TOOTHMAN, Robert |
| 59.) WAGEMAN, Matthew |
| 60.) WEBER, Ethan |
| 61.) WENDLING, John |
| 62.) WETZEL, Kevin |
| 63.) WHITEHEAD, Steven |
| 64.) WIGGINS, Travis |
| 65.) WILKINS, Jared |
| 66.) WILLIAMS, Cameron |
| 67.) WILLIAMS, Zachary |
| 68.) WRIGHT, Mark |